[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO MODIFY ORDER CONCERNING CHILD SUPPORT
On September 29, 1997 the parties herein stipulated that their three minor children would reside with their defendant mother and that the plaintiff father would pay $145 weekly in child support. On March 10, 1998 defendant moved for a modification of said order claiming a substantial change in circumstances. On May 27, 1998 both parties and their counsel appeared in court and offered evidence and argument relating to defendant's motion. A short summary of the facts elicited follows:
The parties have three children but have never married. Subsequent to ending his relationship with defendant, plaintiff married and presently has two children, ages 4 and 2, of this union. At the time of the stipulation defendant was living with an unnamed doctor in an expensive home, was unemployed and attending school and most of her family needs were provide by her CT Page 7428 paramour. Defendant states that her relationship with the unnamed doctor and the accompanying financial assistance ended early this year, that she wants her children to remain in the Farmington school system, and that the substantial change in her circumstances mandates a modification of the existing support order.
Plaintiff for his part argued that he had difficulty providing proper support for his present family. Through questioning it was determined that his wife is a school nurse in East Hartford with an annual gross income of $27,000. Plaintiff has a gross weekly income of $712 with a weekly net after the usual deductions of $543. In turn defendant's financial affidavit reflects no income on her part. Defendant submitted a calculation of child support for the children of the parties indicating plaintiff's share of the obligation to be $240 weekly. Plaintiff failed to submit a child support guidelines worksheet as required by Sec. 25-30 (e) of our Practice Book, admitted that defendant's calculations were correct but requested a deviation because of the particular facts of this case. In passing, the court notes the absence of the financial affidavits of either party in the court file when the existing stipulation was entered last September.
Having considered all of the evidence, including the fact that plaintiff has two small children of a subsequent union for whom there is no support order and that defendant has the capacity if not the inclination to earn at the very least the minimum wage, this court orders that plaintiff pay to defendant for both children as support the total sum of $200 weekly.
John D. Brennan Judge Trial Referee